IMPERIAL AUCTION GALLERIES, LTD., Respondent, *v.* MASSACHUSETTS FIRE & MARINE INSURANCE COMPANY, BOSTON, MASS., Appellant.

First Department, February 3, 1939.

*Paul D. Compton* of counsel [*Wayne D. Bird* with him on the brief; *Paul D. Compton*, attorney], for the appellant.

*Samuel Bierman* of counsel [*Milton Brachfeld* with him on the brief; *Samuel Bierman*, attorney], for the respondent.

COHN, J. This is an action at law brought by plaintiff to recover for loss by fire under a policy of insurance issued by defendant. The fire occurred at No. 6 East Eighty-second street, New York city, and it is claimed that as a result thereof certain merchandise which plaintiff had stored in these premises was damaged and destroyed and that the loss, which amounts to $19,691.15, was " specifically insured " against and covered by the policy. The insured's place of business was at 23 West Forty-seventh street, New York city.

The Special Term has granted partial summary judgment for plaintiff as to its claim for goods asserted to be worth $11,654.25, has directed an assessment of damages to determine the value of the property for which summary judgment has been allowed and a severance of the action for the balance of plaintiff's claim.

Defendant admits the issuance of the policy and the occurrence of the fire, but disclaims liability upon the ground that the property damaged and destroyed was not covered by the contract of insurance.

Upon the pleadings and affidavits submitted there is a clear issue of fact as to whether the property located at 6 East Eighty-second street, the place where the fire occurred, was insured under the policy. Concededly, by its terms, the policy provided for insurance in the sum of $30,000 on property in and about the premises of the assured located at its place of business at 23 West Forty-seventh street, and for $10,000 on property insured at any other location provided by the insurance agreement. While plaintiff claims that, under an indorsement of the policy, coverage was provided in the sum of $10,000, making a total of $20,000 " on property insured entrusted to the assured at locations outside of assured's place of business," defendant contends that a fair construction of the terms of the insurance agreement establishes that off-premises coverage of any kind was for the sum of only $10,000. Defendant urges, too, that the property damaged by fire for which plaintiff demanded $9,084.25, and for which the Special Term has granted partial summary judgment, was not intrusted to the assured but that it was plaintiff's own property and, hence, not covered.

The claim for the item of $2,606 for damage to oil paintings received by plaintiff on consignment from one Schepps and stored at 6 East Eighty-second street is also placed in issue by defendant's proof that this property was not " entrusted to the assured at locations outside of assured's place of business," as required by the indorsement on the policy, but had been intrusted to the assured at the latter's place of business and was insured against a fire only while kept there.

These controverted issues, and others which are found in this case, cannot be determined summarily upon affidavits but must await a trial of the action.

The order, so far as appealed from, should, accordingly, be reversed, without costs, and the motions in all respects denied.

MARTIN, P. J., O'MALLEY, TOWNLEY and CALLAHAN, JJ., concur.

Order, so far as appealed from, unanimously reversed, without costs, and the motions in all respects denied.